1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RICHARDSON,<br><br>                              Petitioner,<br><br>v.<br><br>FRAZIER, Warden,<br><br>                              Respondent. | Case No.:  22-CV-1447 TWR (AHG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

On September 22, 2022, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.," ECF No. 1).  On September 28, 2022, the Court issued an Order dismissing the case without prejudice because Petitioner had failed to satisfy the filing fee requirement.  (*See generally* ECF No. 2.)  In its Order, the Court notified Petitioner that to have his case reopened, he must either pay the filing fee or provide adequate proof of his inability to pay no later than November 10, 2022.  (*See id.* at 1–2.)  On October 14, 2022, Petitioner paid the $5.00 filing fee and the case was reopened.  (*See* ECF No. 3.)

The Petition must be dismissed, however, because Petitioner has failed to state a cognizable claim.  Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

/ / /

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Accordingly, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner's claims are difficult to decipher. He states the "highest worldwide authorities issued sovereign and complete governmental immunity – never to be detained arrested charged tried convicted sentenced." (*See* Pet. at 6.) The rest of the Petition has a similar tone. (*See id.* at 6–9.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." *Cf.* 28 U.S.C. § 2254.

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254; *see also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c) by not only failing to state specific constitutional grounds for relief, but also by failing to provide specific factual allegations to support his attempted legal claims.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief or bases to support such grounds. *Cf. Burkey v. Deeds*, 824 F. Supp.

190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner).  The Court finds that the Petition contains vague and conclusory allegations without any specific grounds or facts in support of relief.  A federal court may not entertain a petition that contains allegations that are conclusory.

This Court would have to engage in a tenuous analysis to attempt to identify and make sense of the Petition and its attachments.  To satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted).  Facts must be stated, *in the petition*, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted.  *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).  Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses.  *See Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).  Here, the lack of intelligible grounds for relief prevents the Respondent from being able to assert appropriate objections and defenses.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case.  He must exhaust state judicial remedies before bringing his claims via federal habeas.  State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. *See* 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  *See* 28 U.S.C. §§ 2254(b), (c); *Granberry*, 481 U.S. at 133–34.  Further, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995), reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365–66.  For example, "[i]f a habeas petitioner wishes to claim

1   that an evidentiary ruling at a state court trial denied him the due process of law
2   guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but
3   in state court." *Id.*

4       Additionally, the Court cautions Petitioner that, under the Antiterrorism and
5   Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation shall
6   apply to a petition for a writ of habeas corpus by a person in custody pursuant to the
7   judgment of a State court.  The limitation period shall run from the latest of:

8           (A)    the date on which the judgment became final by the conclusion
9       of direct review or the expiration of the time for seeking such review;

10           (B)    the date on which the impediment to filing an application created
11       by State action in violation of the Constitution or laws of the United States is
12       removed, if the applicant was prevented from filing by such State action;

13           (C)    the date on which the constitutional right asserted was initially
14       recognized by the Supreme Court, if the right has been newly recognized by
15       the Supreme Court and made retroactively applicable to cases on collateral
       review; or

16           (D)    the date on which the factual predicate of the claim or claims
17       presented could have been discovered through the exercise of due diligence.

18   28 U.S.C. §§ 2244(d)(1)(A)–(D).  The Court also notes that the statute of limitations does
19   not run while a properly filed state habeas corpus petition is pending.  *See* 28 U.S.C.
20   § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz*
21   *v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery
22   and acceptance [by the appropriate court officer for placement into the record] are in
23   compliance with the applicable laws and rules governing filings.").  Absent some other
24   basis for tolling, however, the statute of limitations does run while a federal habeas
25   petition is pending.  *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

26   / / /
27   / / /
28   / / /

# CONCLUSION

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this action because Petitioner has failed to state a cognizable federal claim.[1]  To have this case reopened, Petitioner must, <u>on or before November 30, 2022</u>, file a First Amended Petition that cures the pleading deficiencies set forth above.

**IT IS SO ORDERED**.

Dated:  October 25, 2022

Honorable Todd W. Robinson
United States District Judge

---

[1] While not entirely clear from the face of the Petition, it appears Petitioner is confined in Nevada and is attempting to challenge a Nevada state court conviction.  (*See* Pet. at 1.)  A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 497 (1973).  Assuming Petitioner is challenging a Nevada conviction, venue would be proper in the United States District Court for the District of Nevada.  *See* 28 U.S.C. § 108.