UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RICHARDSON,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>FRAZIER, Warden,<br><br>　　　　　　　Respondent. | Case No.: 22-CV-1447 TWR (AHG)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE**<br><br>(ECF Nos. 5, 6) |

On September 22, 2022, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.," ECF No. 1). On September 28, 2022, the Court issued an Order dismissing the case without prejudice for failure to satisfy the filing fee requirement. (*See generally* ECF No. 2.) The Court gave Petitioner until November 10, 2022, either to pay the filing fee or to provide adequate proof of his inability to pay. (*See id.* at 1–2.) On October 14, 2022, Petitioner paid the $5.00 filing fee. (*See generally* ECF No. 3.)

On October 25, 2022, the Court screened the Petition and dismissed it for failure to state a cognizable claim. (*See generally* ECF No. 4.) Petitioner was given leave to file an amended petition no later than November 30, 2022. (*See id.* at 5.) Petitioner filed a First Amended Petition ("FAP," ECF No. 5) on November 29, 2022, and on December 12, 2022, he filed another document that largely repeats the allegations in the

First Amended Petition but also contains several attachments, which the Court construes as a Supplement to the First Amended Petition ("Supp.," ECF No. 6).

The First Amended Petition must be dismissed because, as with his original Petition, Petitioner has again failed to state cognizable claim. Section 2254(a) of Title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Moreover, a petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. *See* Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. Petitioner must make specific factual allegations that, if true, would entitle him to habeas corpus relief. *See United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

As with was the case with the original Petition, the claims presented in the First Amended Petition are difficult to decipher. The First Amended Petition does not provide a narrative description of Petitioner's claims and contains little more than a largely incomprehensible assemblage of random words, phrases, and sentence fragments. For

instance, Petitioner states as Ground One: "Highest authorities United States executive officers and worldwide authorities (including U.S. Military). Instruments – documents – sovereign immunity." (*See* FAP at 6.) The supporting facts for Ground One are also disjointed, stating, in part, "I am held hostage. Contempt of court. Contempt of Congress – Constitutional error. Misprison – misprison of felony – misprison of treason (and sedition)." (*See id.*) The remaining grounds and supporting facts are similarly vague and, at times, indecipherable. (*See id.* at 7–9.)

The Supplement, which is in large part duplicative of the First Amended Petition, also fails to state coherent claims for relief. It merely repeats the same series of vague phrases and legal terms as those contained in the First Amended Petition. (*Compare* Supp., *with* FAP.) While the Supplement also includes photocopies of portions of the U.S. Constitution as attachments, it fails to allege a constitutional error related to any state court conviction Petitioner may have suffered.[1] (*See generally* Supp.)

In sum, while the First Amended Petition and its Supplement contain vague references to the U.S. Constitution, neither document contains any comprehensible allegation that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254. The lack of intelligible grounds for relief in the First Amended Petition also prevents the Respondent from being able to assert appropriate objections and defenses as required under Rule 2(c). *See Popoola*, 881 F.2d at 812. Consequently, the First Amended Petition must be dismissed.

The Court further notes that Petitioner must exhaust state judicial remedies before bringing his claims via federal habeas. *See* 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*,

---

[1] The Court notes that Petitioner is currently incarcerated at Northern Nevada Correctional Facility in Carson City, Nevada. (*See* FAP at 1.) Nowhere in the First Amended Petition or Supplement does Petitioner indicate that he is challenging a California state court conviction (nor does he indicate he is challenging a Nevada conviction). (*See generally* FAP, Supp.) The Court notes, however, that a petition for writ of habeas corpus must be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 497 (1973).

481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a state prisoner must present the highest state with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. §§ 2254(b), (c); *Granberry*, 481 U.S. at 133–34. To properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.[2]

## CONCLUSION

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's First Amended Petition because Petitioner has failed to state a cognizable federal claim. Because Petitioner is a prisoner proceeding pro se, the Court will give him one final opportunity to file an amended petition that clearly sets forth cognizable grounds for relief and specific facts that support those claims no later than February 9, 2023. For Petitioner's convenience, the Clerk of Court **SHALL INCLUDE** a blank Second Amended Petition form along with this Order.

**IT IS SO ORDERED**.

Dated: January 9, 2023

_____
Honorable Todd W. Robinson
United States District Judge

---

[2] The Court cautions Petitioner that a one-year period of limitation applies to petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. §§ 2244(d)(1)(A)–(D). The statute of limitations does not run while a properly filed state habeas corpus petition is pending. *See* 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Absent some other basis for tolling, however, the statute of limitations does run while a federal habeas petition is pending. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).