UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RICHARDSON,<br><br>                           Petitioner,<br><br>v.<br><br>FRAZIER, Warden,<br><br>                           Respondent. | Case No.: 22-CV-1447 TWR (AHG)<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>(ECF No. 13) |

      On September 22, 2022, Petitioner Kevin Richardson, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See generally* ECF No. 1.) On October 25, 2022, the Court screened the Petition and dismissed it for failure to state a cognizable claim. (*See generally* ECF No. 4.) Petitioner was given leave to file a First Amended Petition, and he did so on November 29, 2022. (*See generally* ECF Nos. 5, 6.) The Court dismissed the First Amended Petition on January 9, 2023, because Petitioner again failed to state a cognizable claim. (*See generally* ECF No. 7.) The Court gave Petitioner one final opportunity to file an amended petition. (*See id.*) On March 6, 2023, Petitioner filed a Second Amended Petition ("SAP," ECF No. 13).

/ / /

/ / /

**FAILURE TO ALLEGE A COGNIZABLE CLAIM ON FEDERAL HABEAS**

The Second Amended Petition must be dismissed because, as with his original Petition and First Amended Petition, Petitioner has failed to state cognizable claim. Section 2254(a) of Title 28 of the United States Code sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a); *see also Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court" and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Moreover, a petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. *See* Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. Petitioner must make specific factual allegations that, if true, would entitle him to habeas corpus relief. *See United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

Here, while Petitioner broadly references the United States Constitution in his grounds for relief, he fails to identify which constitutional provision provides the basis for his individual claims. For instance, as to his first ground for relief, Petitioner states, "United States Constitution Amendments 1–10, Article I, sec. 8, cl. 16, Article III and Article VI Sovereign Immunity (Worldwide) . . . ." (*See* SAP at 6.) Petitioner repeats these grounds as to his other three claims as well. (*See id.* at 7–9.) Nowhere in the Second

1  Amended Petition does Petitioner identify a specific constitutional basis for challenging
2  the "fact or duration" of his confinement.  *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*,
3  411 U.S. 475, 500 (1973).

4      Further, the Second Amended Petition does not provide an adequate narrative
5  description of Petitioner's claims.  To the extent it contains "factual allegations," they are
6  difficult to comprehend and largely consist of seemingly unrelated phrases.  (*See*
7  *generally* SAP at 6–9.)  For instance, in the supporting facts as to ground one, Petitioner
8  states in part:  "Highest authorities Worldwide issued.  Instruments and documents are
9  available.  U.S. Constitutional powers—as applicable (public entity) #1 issues Worldwide
10  Daly Manifest—currently detained executive order—strict[.]  Congressional alts and
11  statutes . . . ."  (*Id.* at 6.)  The remaining grounds for relief and supporting facts are
12  similarly unclear and, at times, indecipherable.  (*See id.* at 7–9.)

13      Petitioner's vague references to the United States Constitution and disjointed
14  factual allegations are insufficient to allege he is "in custody in violation of the
15  Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254.  Further, the
16  lack of intelligible grounds for relief in the Second Amended Petition prevents
17  Respondent from being able to assert appropriate objections and defenses, as required
18  under Rule 2(c) of the Rules Governing Section 2254 Cases.  *See Mayle*, 545 U.S. at
19  655–56.  Accordingly, the Court must dismiss the Second Amended Petition.

## CONCLUSION

21      Based on the foregoing, the Court **DISMISSES** this Second Amended Petition
22  **WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND** because Petitioner
23  has again failed to state a cognizable federal claim.

24      **IT IS SO ORDERED**.

25  Dated:  March 20, 2023

                                                                Honorable Todd W. Robinson
                                                                United States District Judge