UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN RICHARDSON,<br><br>                     Petitioner,<br><br>v.<br><br>FRAZIER, Warden,<br><br>                     Respondent. | Case No.: 22-CV-1447 TWR (AHG)<br><br>**ORDER (1) DENYING MOTION TO AMEND OR ALTER THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), AND (2) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF No. 15) |

On September 22, 2022, Petitioner Kevin Richardson, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1 ("Pet.").)  On October 25, 2022, the Court dismissed it for failure to state a cognizable claim.  (*See* ECF No. 4.)  Petitioner was given leave to amend his petition, (*see id.* at 5), and he did so on November 29, 2022.  (*See* ECF Nos. 5, 6.)  The Court dismissed the amended petition for failure to state a cognizable claim on January 9, 2023, and gave Petitioner one final opportunity to amend.  (*See* ECF No. 7.)  On March 6, 2023, Petitioner filed a Second Amended Petition, (*see* ECF No. 13 ("SAP")), which again failed to state a cognizable claim.  (*See* ECF No. 14.)  The Court therefore dismissed the Second Amended Petition without prejudice and without further leave to amend on

March 20, 2023.  (*See id.*)  On April 6, 2023, Petitioner filed the instant Motion to Amend or Alter the Judgment pursuant to Federal Rule of Civil Procedure 59(e).  (*See* ECF No. 15 ("Mot.").)

## MOTION TO AMEND OR ALTER THE JUDGMENT

A Rule 59(e) motion may be granted where: (1) the motion is necessary to correct manifest errors of law or fact upon which a judgment is based, (2) the moving party presents newly discovered or previously unavailable evidence, (3) the motion is necessary to prevent manifest injustice, or (4) there is an intervening change in the controlling law.  *See McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (en banc).  This rule "enables a district court to rectify its own mistakes in the period immediately following its decision, but not to address new arguments or evidence that the moving party could have raised before the decision."  *Banister v. Davis*, 590 U.S. ___, 140 S. Ct. 1698, 1700 (2020).  The Ninth Circuit has held that a Rule 59(e) motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Like Petitioner's previous petitions, the Motion is difficult to decipher.  Instead of pointing to any specific error of law or fact in the Court's final dismissal order, Petitioner lists an assortment of legal rules, such as the definition of judicial notice and the standard for establishing competency.  (*See* Mot. at 2–3.)  To the extent the Motion contains any allegation of error by the Court, Petitioner states: "This matter involves lack of communication, I respond to court information, the court blocks any positive, and demonstrative work, by informing Petitioner (who can communicate) that the court cannot understand." (*Id.* at 4.)  Petitioner goes on to state that "the court is not allowed to deny substantive procedural and remedial efforts to this matter.  Real/true court – law and order preside, fake/false well, sedition in place."  (*Id.*)

Petitioner fails, however, to present any argument that the Court erred in concluding the Second Amended Petition failed to state a cognizable claim for federal

habeas relief. Nothing in the motion points to "manifest errors of law or fact" or "newly discovered evidence." *See McDowell*, 197 at 1254 n.1  Nor does Petitioner point to any intervening change in law or manifest injustice. *See id.*  Because Petitioner has not demonstrated that such an extraordinary remedy is necessary, relief is not warranted under Rule 59(e), and the Court therefore **DENIES** the Motion.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253. The Ninth Circuit has held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." *United States v. Winkles* 795 F.3d 1134, 1142 (9th Cir. 2015). If a court denies a Rule 60(b) motion in a § 2255 proceeding, a certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Winkles*, 795 F.3d at 1143.

To the extent *Winkles* applies to a Rule 59(e) motion to alter or amend judgment arising out of the dismissal of a § 2254 petition,[1] the Court finds that Petitioner is not entitled to a certificate of appealability because jurists of reason would not find it debatable whether the Court abused its discretion in denying the Rule 59(e) motion. The Court therefore **DENIES** Petitioner a Certificate of Appealability.

/ / /

/ / /

/ / /

---

[1] "[S]ection 2255 'was intended to mirror § 2254 in operative effect.'" *Winkles*, 795 F.3d at 1141; *Ruelas v. Muniz*, No. 14-cv-01761-VBF-AFM, 2016 WL 1573439, at *6–7 (C.D. Cal. Apr. 19, 2016) (applying *Winkles* to Rule 59(e) motion for reconsideration of order denying § 2254 habeas petition).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion to Amend or Alter the Judgment pursuant to Rule 59(e) (ECF No. 15) and **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED**.

Dated:  April 17, 2023

_____
Honorable Todd W. Robinson
United States District Judge